UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JIMMY LEE DAVIS                                                                              PLAINTIFF

VS.                                                         CIVIL ACTION NO. 4:10CV84-DPJ-FKB

LIEUTENANT R. ALLEN,                                                                     DEFENDANTS
CASE MANAGER UNKNOWN BROWN AND
CLASSIFICATION DIR. JOYCE GRAHAM

REPORT AND RECOMMENDATION

This cause comes on this date before the undersigned United States Magistrate Judge, an Order of Reference having been entered herein.  Before the Court is Defendant Joyce Graham's Motion for Summary Judgment or, in the Alternative, Motion to Revoke Plaintiffs' In Forma Pauperis Status (Docket No. 16).[1]  Plaintiff has failed to respond to the motion, and the Court, having considered the Motion, as well as the testimony received at the April 20, 2011 omnibus hearing,[2] concludes, for the reasons which follow, that the Motion is well-taken and should be granted.

Plaintiff filed his § 1983 complaint on May 1, 2010, via mailbox rule.  On the same day, he also filed an application to proceed in forma pauperis ("ifp") in this case.  Although Plaintiff

---

[1] The record reflects that process has not been served on Defendants R. Allen and Unknown Brown, Case Manager.  According to Docket No. 7, these Defendants do not work at EMCF, the address given by Plaintiff for service of process.  Ultimately, however, it is of little moment, because at the omnibus hearing, the Court granted Davis's oral motion to voluntarily dismiss these Defendants.

[2] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

1

has three strikes,[3] the Court tentatively granted Plaintiff's request to proceed ifp (Docket No. 3) due to his allegation in this case and two other cases[4] filed in close temporal proximity that he was under "imminent danger of serious physical injury."  See 28 U.S.C. § 1915(g) (allowing inmate who has three strikes to proceed ifp if he is under "imminent danger of serious physical injury.").

By his complaint, Plaintiff alleges that, on April 25, 2010, he was denied dental surgery by Defendant Allen.  He claims in his complaint that, instead of taking him to a scheduled appointment with a dentist, Allen took him back to EMCF and assaulted him.  He also complained that Defendant Allen was holding him in segregation with no detention notice or RVR.  The complaint contains no factual allegations as to the other two named Defendants.

At the April 20, 2011, omnibus hearing, Davis voluntarily dismissed Allen and Brown, but maintained that Graham should remain in the suit because, as classification director, her decision to keep him at EMCF has endangered him.  Davis requested that he be released from

---

[3] Davis received strikes under the Prison Litigation Reform Act in the following cases: Davis v. Mississippi State Penitentiary, Civil Action No. 4:04cv172-P-A (N.D. Miss. Sept. 13, 2004)(dismissed for failure to state a claim upon which relief may be granted); Davis v. Hall, Civil Action 4:05cv161-P-B (N.D. Miss. Dec. 13, 2005) (dismissed for failure to state a claim upon which relief may be granted); Davis v. Casket, Civil Action No. 4:07cv118-JCS (S.D. Miss. Sept. 16, 2009) (dismissing case for failure to allege a constitutional violation). Additionally, Davis v. Latham, Civil Action No. 4:06CV86-P-A (N.D. July 31, 2006), was dismissed because on his ifp application, Davis forged the signature of the inmate accounts custodian.

[4] On March 30, 2010, via the mailbox rule, Davis filed Davis v. Flagg, Civil Action No. 4:10CV53-DPJ-FKB, and on June 1, 2010, Davis filed Davis v. Cotton, 4:10CV96-DPJ-FKB. Davis indicated in both of these complaints that he was under "IMMINENT DANGER." Although both complaints asserted that he had been assaulted in the recent past by either guards or other inmates, neither complaint set forth any explanation of a threat of "imminent danger" existing as of the day that he filed the complaint.

segregation and compensated.

By her motion, Graham maintains that Davis has failed to state a claim with respect to his disagreement as to his classification status. Alternatively, Graham argues that Davis's ifp status should be revoked because Davis was not under an imminent threat of serious physical injury on the day that he filed his complaint. After consideration, it is clear that Davis has failed to state a claim against the only remaining defendant, Joyce Graham, with regard to his classification and that his ifp status should be revoked.

It has long been established that inmates do not have a protectable liberty or property interest in their custodial status. Harper v. Shows, 174 F.3d 716, 719 (5th Cir. 1999)(quoting Whitley v. Hunt, 158 F.3d 882, 889 (5th Cir.1998) ("Inmates have no protectable property or liberty interest in custodial classifications.")). Thus, because Davis's classification claim "relies on a legally nonexistent interest, any alleged due process or other constitutional violation arising from his classification is indisputably meritless." Id. Accordingly, the undersigned recommends that the complaint against Graham be dismissed for failure to state a claim upon which relief may be granted.

As for Davis's ifp status, the Prison Litigation Reform Act provides, among other things, that a prisoner's privilege to proceed ifp is revoked if they have, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g).[5] The Court must consider all actions which were dismissed as

---

[5]Specifically, the statute provides:
"In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

frivolous, malicious or which failed to state a claim, whether dismissed before or after enactment of the PLRA. Adepegba v. Hammons, 103 F.3d 383, 386 (5th Cir.1996)(counting as a "strike" a district court's dismissal, prior to enactment of the PLRA, of a frivolous § 1983 claim).

As set forth above, Davis has, on not less than three occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Therefore, unless Davis meets the one exception to the "three strikes provision," denial of ifp status is appropriate.

Title 28 U.S.C. § 1915(g) provides a limited exception to the "three-strikes provision," by which a plaintiff may be permitted to proceed ifp if he is under "imminent danger of serious physical injury." Addressing the exception provision of § 1915(g), the United States Court of Appeals for the Fifth Circuit held that

> [t]he plain language of the statute leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.

Banos v. O'Guin, 144 F. 3d 883, 884 (5th Cir. 1998). Clearly, the danger must exist at the time the complaint is filed. Id. "Further, [b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002) (citing Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001)).

---

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

As previously stated, due to the fact that Plaintiff filed three complaints in close, temporal proximity and made nonspecific allegations that he was "under imminent danger of serious physical injury," the Court tentatively allowed Davis to proceed ifp. At the omnibus hearing, the Court took the opportunity to explore the factual basis for Plaintiff's assertion of "imminent danger of serious physical injury." Having now received Davis's sworn testimony regarding the factual basis of his asserted"imminent danger," it is clear that his ifp status should be revoked.

At the omnibus hearing, the Court asked Davis to explain what constituted the imminent danger of serious physical injury on May 1, 2010, the day that he filed his complaint. According to Davis, the "imminent danger" in this case actually had its genesis in his case filed on March 30, 2010 (4:10CV53-DPJ-FKB). With regard to that case, Davis testified that around March 15, 2010, a female correctional officer by the last name of Flagg had him "jumped by other inmates" because he would not pay her the money that she had demanded as part of an extortion scheme. Davis filed a separate lawsuit against Officer Flagg, and that case bears Cause No. 4:10cv53-DPJ-FKB on the docket of this court. Davis also testified that he had been assaulted by various correctional officers on March 10, 13 and 17, 2010, on account of Flagg's scheme. Upon further questioning from the Court, Davis explicitly testified that he received no further beatings from any other correctional officers after these alleged incidents. Notably, Davis did not relate to the Court any threats or threatening behavior by either Flagg or any other correctional officer after these alleged beatings.

Davis maintained at the omnibus hearing that the imminent danger created in his other case somehow lingered and caused imminent danger in this case. Based on his own testimony,

Davis's assertion of "imminent danger" was not connected to the allegations presented in the instant complaint, and, therefore, the three strike exception under § 1915(g) is unavailable to him in this case.  Judd v. Federal Election Comm'n, 311 Fed. Appx. 730, 731 (5th Cir. Feb. 20, 2009) (rejecting plaintiff's claim of "imminent danger" which was unrelated to allegations in his complaint).  Furthermore, Davis's "imminent danger" was premised on past harms and not because he faced a credible threat of impending future harm.  Accordingly, the undersigned finds that on the day that the complaint was filed, May 1, 2010, Davis was not under "imminent danger of serious physical injury."  See Banos, 144 F.3d at 884; King v. Livingston, 212 Fed. Appx. 260, 262 (5th Cir. Dec.11, 2006) (per curiam) (unpublished) (allegations of past attacks by inmates and prison officials which allegedly occurred six weeks before complaint was filed were insufficient to establish imminent danger); Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3rd Cir. 2001) (affirming district court's rejection of claim that having been sprayed with pepper spray one month before filing suit, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," sufficiently alleged imminent danger).

     The undersigned recommends that if the district judge does not adopt the recommendation that this case be dismissed on the merits, the district judge revoke plaintiff's ifp status.  If the district judge revokes Davis's ifp status, the undersigned further recommends that the Clerk of the Court should be directed to reopen this civil action if the entire filing fee of $350.00 is paid within thirty days from entry of the Court's Order revoking Davis's ifp status.

     Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event he desires to file objections to these findings and

recommendations. Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar them, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 29th day of June, 2011.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE